CLD-274                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2151
_____

UNITED STATES OF AMERICA

v.

ISSA BATTLE,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cr-00017-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2021

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 5, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner Issa Battle appeals from an order of the District Court denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has moved to summarily affirm the District Court's order. We will grant the Government's motion.

In 2016, the District Court sentenced Battle to 188 months in prison after Battle pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We affirmed his sentence on direct appeal. United States v. Battle, 701 F. App'x 97, 102 (3d Cir. 2017) (not precedential). In 2020, Battle moved to vacate his sentence, under 28 U.S.C. § 2255, arguing that he was entitled to relief after the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). The District Court denied his motion, and Battle's appeal from that denial is pending in this Court.[1]

In February 2021, Battle filed the motion at issue here, seeking compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) based on conditions at FCI Gilmore resulting from the COVID-19 pandemic. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). The District Court appointed counsel to represent Battle. Battle then filed a counseled motion for compassionate release. Battle noted that he had contracted, and recovered from, COVID-19. He argued that his

---

[1] That appeal is docketed at C.A. No. 20-2726 and currently is stayed pending a decision in Lesko v. Secretary Pennsylvania Department of Corrections, C.A. No. 15-9005.

hypertension, asthma, and race (Black) put him at risk of severe illness or death if he were reinfected. He asked that the District Court reduce his sentence to time served and argued that such a reduced sentence was sufficient to meet the goals of sentencing. The Government opposed the motion for release. Battle replied, and also filed a supplement, arguing that his breathing problems and other medical conditions had worsened.

The District Court recognized that Battle's health issues, and possibly his race, could make him more susceptible to an adverse outcome if he were reinfected with COVID-19. But the District Court noted that Battle's chance of reinfection at FCI Gilmer had lessened as, at the time of the Court's decision, no inmates and only two staff members there had tested positive for the virus. The District Court also noted that Battle had been fully vaccinated against the coronavirus. Based on those considerations, the District Court determined that Battle had "not established that there is an 'extraordinary and compelling' reason for [his] compassionate release pursuant to Section 3582(c)(1)(A)." Dist. Ct. Mem. Order, Dkt. #152 at 10. The Court also determined that a reduction in sentence was not warranted because Battle could pose a danger to the community, and he did not merit release under the applicable factors set forth in 18 U.S.C. § 3553(a). Id. at 11-12. The Court explained that the nature of Battle's offense, his extensive criminal history, and the fact that he had served less than half of his sentence, also weighed against his release. Id. at 12. Battle timely appealed.[2]

---

[2] After counsel filed the notice of appeal, we granted his motion to withdraw. Order, App. Dkt. #5.

We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's decision to deny a compassionate-release motion for abuse of discretion.  United States v. Andrews, --- F.4th ---, 2021 WL 3852617, at *3 (3d Cir. Aug. 30, 2021).  "[W]e will not disturb the court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached'."  Id. (quoting United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020)).

The Government argues that the District Court did not err in determining that Battle had failed to present "extraordinary and compelling reasons" for his release.  The Government also argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the Section 3553(a) factors.  We agree on both counts.

While Battle has some health conditions that might put him at increased risk of a poor outcome if he were reinfected with COVID-19, the District Court properly noted that, at the time of its decision, infection rates were near zero in Battle's place of confinement,[3] and Battle was completely vaccinated, giving him significant protection

[3] In his response to the Government's motion for summary action here, Battle says that infection rates recently have risen among prison staff, and that ten staff members have tested positive.  But those facts do not affect our consideration of whether the District Court abused its discretion, given the record before it.  If conditions at FCI Gilmer worsen so much so that Battle believes he can show "extraordinary and compelling reasons" for his release, his remedy would be to file a new motion for compassionate release in the District Court.

4

against reinfection. Given those facts, Battle did not make the threshold showing that "extraordinary and compelling reasons" supported his release.

Additionally, we cannot say that the District Court committed a clear error of judgment in denying Battle's motion after an assessment of the Section 3553(a) factors. See United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release"). The District Court noted that Battle had an "extensive and continuous criminal history, which began at the age of 15, and has continued throughout his adult life." Dist. Ct. Mem. Order, Dkt. #152 at 12. The Court stated that the current conviction was Battle's seventh as an adult, and that he continued to engage in criminal activity despite periods of incarceration. The Court did not abuse its discretion in concluding that Battle failed to demonstrate that he would not be a danger to the community. Id. at 13; see 18 U.S.C. § 3553(a)(2)(C) (including protection of the public as a sentencing factor).

And the District Court remarked that Battle still had roughly half of his sentence to serve at the time of his motion. That factor also weighs against Battle's release. See Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that

5

sentence may . . . inform whether [compassionate] release would be consistent with those factors.").[4]

For these reasons, Battle's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion, and we will summarily affirm the District Court's order.[5] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[4] The District Court did not err in declining to consider, in the context of Battle's compassionate-release motion, whether Battle should be released based on his Rehaif argument. Dist. Ct. Mem., Dkt. #152 at 12. As noted, the District Court had denied Battle's § 2255 motion based on Rehaif. The question of whether Battle's Rehaif claim was properly filed in the District Court, and if so, whether or how Rehaif affects Battle's conviction or sentence, will be considered in due course in Battle's pending appeal at C.A. No. 20-2726.

[5] Battle's motion for appointment of counsel is denied.